# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE TRAVELERS INDEMNITY<br>COMPANY,<br><br>      Plaintiff,<br><br>      v.<br><br>FARMERS GROUP, INC.<br><br>      Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>MARCH 27, 2015 |

## COMPLAINT

Plaintiff The Travelers Indemnity Company ("Travelers") files this Complaint against Defendant Farmers Group, Inc. ("Defendant") and alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## NATURE OF THE CASE

1.    This is an action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1501, *et seq.*, the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.*, and/or Connecticut common law. Travelers' claims arise out of Defendant's infringement and dilution of the famous and iconic Travelers Umbrella Mark (as defined below), which Travelers or its predecessors in interest have used since 1960 in connection with insurance and financial products and services.

2.    Despite being well aware of the Travelers Umbrella Mark and the strong goodwill associated with it, and despite Travelers having previously objected to Defendant's use of umbrella logos, icons, and images that violated Travelers' trademark rights in the Travelers

Umbrella Mark, Defendant recently began using a variety of upright umbrella logos, icons, and images to promote its directly competing insurance services.  Defendant's use of these umbrella logos, icons, and images is likely to cause confusion with and to dilute the famous Travelers Umbrella Mark.  Defendant has appropriated the most prominent visual aspect of the Travelers brand—the distinctive Travelers Umbrella Mark—and used confusingly similar umbrellas as symbols to identify, advertise, promote, and sell its competing insurance services.

## THE PARTIES

3.      Plaintiff The Travelers Indemnity Company is a corporation of the State of Connecticut with a place of business at One Tower Square, Hartford, Connecticut 06183.

4.      Defendant Farmers Group, Inc. is a corporation of the State of Nevada with a place of business at 4680 Wilshire Boulevard, Los Angeles, California 90010.

## JURISDICTION AND VENUE

5.      This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et seq*., and the related law of the State of Connecticut.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  Because Travelers and Defendant are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs, this Court also has jurisdiction under 28 U.S.C. § 1332.  Further, this Court has supplemental jurisdiction over Travelers' state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to Travelers' federal claims.

6.      This Court has personal jurisdiction over Defendant and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Travelers is located and is being harmed

in this district, Defendant conducts business in this district, and/or the activity about which Travelers complains has taken place and is continuing to take place in this district.

## TRAVELERS, ITS INSURANCE AND FINANCIAL PRODUCTS AND SERVICES, AND ITS FAMOUS UMBRELLA TRADEMARK

7.    Travelers has been in the insurance business for more than 150 years.  It has long been one of the leading providers of a wide range of insurance and financial products and services to businesses, government units, associations, and individuals in the United States.

8.    Travelers is among the largest writers of personal property and casualty insurance through independent agents in the United States.  Its services are sold in all 50 states under the Travelers Umbrella Mark through agents and brokers, direct marketing (including toll-free telephone numbers and Internet websites), and/or salaried employees.

9.    Travelers currently uses the umbrella trademark shown below as its corporate logo and as a trademark for its insurance and financial products and services.  Travelers and its affiliates and predecessors have used the umbrella trademark shown below or substantially identical versions (collectively, the "Travelers Umbrella Mark") for decades.  Travelers first used the Travelers Umbrella Mark as a corporate logo in 1960.  Travelers uses the Travelers Umbrella Mark alone and together with its trademark TRAVELERS.



10.    In addition to its common law rights in the Travelers Umbrella Mark based on use of that mark since 1960, Travelers owns, among others, the following valid and subsisting United

States trademark registrations for marks comprised of or containing the Travelers Umbrella Mark:

| Mark | Reg. No. Reg. Date App. Date | Goods/Services |
|---|---|---|
|  | 1161313 07-14-1981 12-19-1979 | Underwriting life, accident and health, casualty, fire, marine and inland marine insurance services, and fidelity, surety and guaranty bonding services, mutual funds services, variable annuities services, agency and brokerage services in connection with the preceding named services, and counseling in regard to accident prevention in Class 36 |
|  | 3417048 04-29-2008 03-15-2007 | Insurance underwriting services in the fields of property and casualty, fire, allied lines, farmowners multiple peril, homeowners multiple peril, commercial multiple peril, ocean marine, inland marine, earthquake, workers' compensation, other liability, product liability, private passenger auto liability, commercial auto liability, auto physical damage, fidelity, surety, burglary and theft, boiler and machinery, life and reinsurance; insurance claims services and administration; insurance claims processing; insurance claims adjusting; insurance agency and brokerage services, namely, policyholder services and services to agents and brokers; providing information in insurance matters; risk management and risk management consultation in Class 36 |
|  | 3417049 04-29-2008 03-15-2007 | Insurance underwriting services in the fields of property and casualty, fire, allied lines, farmowners multiple peril, homeowners multiple peril, commercial multiple peril, ocean marine, inland marine, earthquake, workers' compensation, other liability, product liability, private passenger auto liability, commercial auto liability, auto physical damage, fidelity, surety, burglary and theft, boiler and machinery, life and reinsurance; insurance claims services and administration; insurance claims processing; insurance claims adjusting; insurance agency and brokerage services, namely, policyholder services and services to agents and brokers; providing information in insurance matters; risk management and risk management consultation in Class 36 |
|  | 4085573 01-17-2012 07-06-2009 | Insurance underwriting services in the fields of property and casualty, commercial lines, farm, auto commercial, boiler and machinery, commercial multi peril, liability, inland marine, fidelity, surety, crime, workers compensation, property, personal lines, personal auto, homeowners, boat/yacht, dwelling fire, identity fraud reimbursement, kidnap and ransom, excess and surplus, high valued homeowners, personal articles floater, |

| Mark | Reg. No.<br>Reg. Date<br>App. Date | Goods/Services |
|---|---|---|
| | | wedding insurance, and reinsurance; insurance claims administration; insurance claims processing; insurance claims adjusting; insurance agency services; providing information in the field of insurance; providing a website with information and resources in the field of insurance; and insurance and insurance-related services in the nature of loss prevention and risk control management for others in Class 36 |
|  | 4085572<br>01-17-2012<br>07-06-2009 | Insurance underwriting services in the fields of property and casualty, commercial lines, farm, auto commercial, boiler and machinery, commercial multi peril, liability, inland marine, fidelity, surety, crime, workers compensation, property, personal lines, personal auto, homeowners, boat/yacht, dwelling fire, identity fraud reimbursement, kidnap and ransom, excess and surplus, high valued homeowners, personal articles floater, wedding insurance, and reinsurance; insurance claims administration; insurance claims processing; insurance claims adjusting; insurance agency services; providing information in the field of insurance; providing a website with information and resources in the field of insurance; and insurance and insurance-related services in the nature of loss prevention and risk control management for others in Class 36 |
|  | 3494647<br>09-02-2008<br>04-02-2007 | Promoting the sale of goods and/or services of others through the development and distribution of printed material; direct mail marketing services for others in the field of insurance; business counseling in regard to cost management; employment rehabilitation services, namely, medical cost control management, business consultation in the field of workers' compensation, employee benefits and employment return-to-work placement services in Class 35<br><br>Insurance underwriting services in the fields of property and casualty, fire, allied lines, farmowners multiple peril, homeowners multiple peril, commercial multiple peril, ocean marine, inland marine, earthquake, workers' compensation, other liability, product liability, private passenger auto liability, commercial auto liability, auto physical damage, fidelity, surety, burglary and theft, boiler and machinery, and reinsurance; claims adjustment in the field of insurance; insurance claims processing and administration; risk control and loss prevention consultation; risk control and loss prevention services, namely, risk management; electronic processing of |

| Mark | Reg. No.<br>Reg. Date<br>App. Date | Goods/Services |
|---|---|---|
| | | insurance claims and payment data; insurance agency and brokerage services, namely, policyholder services and services to agents and brokers; providing information in insurance matters; and medical care coordination, namely, assisting employers and providers in processing medical claim forms and payment of medical claims in Class 36<br><br>Educational services, namely, providing training programs in the field of insurance in Class 41<br><br>Providing on-line non-downloadable software in the field of insurance in Class 42 |
| **TRAVELERS** | 3494648<br>09-02-2008<br>04-02-2007 | Promoting the sale of goods and/or services of others through the development and distribution of printed material; direct mail marketing services for others in the field of insurance; business counseling in regard to cost management; employment rehabilitation services, namely, medical cost control management, business consultation in the field of workers' compensation, employee benefits and employment return-to-work placement services in Class 35<br><br>Insurance underwriting services in the fields of property and casualty, fire, allied lines, farmowners multiple peril, homeowners multiple peril, commercial multiple peril, ocean marine, inland marine, earthquake, workers' compensation, other liability, product liability, private passenger auto liability, commercial auto liability, auto physical damage, fidelity, surety, burglary and theft, boiler and machinery, and reinsurance; claims adjustment in the field of insurance; insurance claims processing and administration; risk control and loss prevention consultation; risk control and loss prevention services, namely, risk management; electronic processing of insurance claims and payment data; insurance agency and brokerage services, namely, policyholder services and services to agents and brokers; providing information in insurance matters; and medical care coordination, namely, assisting employers and providers in processing medical claim forms and payment of medical claims in Class 36<br><br>Educational services, namely, providing training programs in the field of insurance in Class 41<br><br>Providing on-line non-downloadable software in the field of insurance in Class 42 |

| Mark | Reg. No.<br>Reg. Date<br>App. Date | Goods/Services |
|---|---|---|
| TRAVELERS | 3991520<br>07-12-2011<br>07-06-2009 | Insurance underwriting services in the fields of property and casualty, commercial lines, farm, auto commercial, boiler and machinery, commercial multi peril, liability, inland marine, fidelity, surety, crime, workers compensation, property, identity fraud reimbursement, kidnap and ransom, excess and surplus, personal lines, personal auto, homeowners, high valued homeowners, dwelling fire, boat/yacht, personal articles floater, wedding insurance, and reinsurance; insurance claims administration; insurance claims processing; insurance claims adjusting; insurance agency services; providing information in the field of insurance, providing a website with information and resources in the field of insurance; and insurance and insurance-related services in the nature of loss prevention and risk control management for others in Class 36 |
| TRAVELERS | 3991521<br>07-12-2011<br>07-06-2009 | Insurance underwriting services in the fields of property and casualty, commercial lines, farm, auto commercial, boiler and machinery, commercial multi peril, liability, inland marine, fidelity, surety, crime, workers compensation, property, identity fraud reimbursement, kidnap and ransom, excess and surplus, personal lines, personal auto, homeowners, high valued homeowners, dwelling fire, boat/yacht, personal articles floater, wedding insurance, and reinsurance; insurance claims administration; insurance claims processing; insurance claims adjusting; insurance agency services; providing information in the field of insurance; providing a website with information and resources in the field of insurance; and insurance and insurance-related services in the nature of loss prevention and risk control management for others in Class 36 |

Printouts of the details of these registrations are attached as Exhibit A.

11. The registrations listed in Paragraph 10 above constitute *prima facie* evidence of Travelers' ownership of and exclusive rights to use the Travelers Umbrella Mark in connection with the services recited in the registrations. Moreover, U.S. Reg. Nos. 1,161,313; 3,417,048; 3,417,049; 3,494,647; and 3,494,648 are incontestable and constitute conclusive evidence of Travelers' ownership of and exclusive rights to use the Travelers Umbrella Mark in connection

with the services recited in those registrations.

12.    Travelers also uses, and owns common law rights in, "realistic" versions of the Travelers Umbrella Mark in connection with the promotion and sale of its insurance and financial and services, including the representative examples shown below, taken from Travelers' website or from Travelers' television advertisements:













13.   Travelers has established considerable and valuable trademark rights and goodwill in

the Travelers Umbrella Mark by virtue of the long use and registration of that trademark, the substantial promotional and marketing efforts in connection with that trademark, the expenditure of vast sums in advertising and promotional activities in connection with that trademark, the substantial sales of products and services offered in connection with that trademark, and third-party acclaim and attention.

14.    Revenues generated from products and services sold in connection with the Travelers Umbrella Mark over the years have been substantial, including revenues exceeding $150 billion since 2008 alone.

15.    Travelers has spent many millions of dollars over the years advertising and promoting its products and services throughout the United States under the Travelers Umbrella Mark in various media and forms (e.g., television, magazines, newspapers, websites, and sponsorships), including tens of millions of dollars annually in recent years.

16.    Travelers has for many years engaged in extensive television advertising prominently featuring the Travelers Umbrella Mark to promote its insurance and financial products and services.  Travelers' television advertisements prominently featuring the Travelers Umbrella Mark have for years appeared on major national television networks and cable television stations, including during popular television shows and other programming such as national sporting events watched by millions.

17.    Travelers has also engaged for years in extensive online advertising prominently featuring the Travelers Umbrella Mark to promote its insurance and financial products and services.  Travelers prominently displays its Travelers Umbrella Mark on its own websites, including http://www.travelers.com, on social media sites (e.g., Facebook, Twitter, YouTube, and

LinkedIn), and through online advertising on third-party websites.

18.    As a result of Travelers' long and extensive use of the Travelers Umbrella Mark, and the significant sales, promotion, advertising, third-party acclaim, and commercial success under the mark, the Travelers Umbrella Mark has achieved such widespread public exposure and recognition that it possesses a high degree of distinctiveness and has been well-known and famous among the general consuming public of the United States for many years.

## DEFENDANT'S INFRINGEMENT AND DILUTION OF THE FAMOUS TRAVELERS UMBRELLA MARK

19.    Defendant and its related companies have been direct competitors of Travelers for many years in the insurance field, including for property and casualty insurance.

20.    Defendant and its related companies are no strangers to violating Travelers' trademark rights in the Travelers Umbrella Mark.  In the past four years alone, there have been numerous instances where Defendant and/or its related companies have used umbrella logos, icons, and/or images that violated Travelers' rights in the Travelers Umbrella Mark and to which Travelers objected.  In each case, Defendant and/or its related companies ceased use of the objected-to logos, icons, and/or images.  These objections are summarized below.

21.    In 2011, Defendant used the red umbrella image shown below on its website at Farmers.com in connection with its insurance services (the "2011 Umbrella Advertisement").



22.    Also in 2011, Defendant's subsidiary, 21st Century Insurance, which is also a direct competitor of Travelers for property and casualty insurance, aired a national television commercial prominently featuring an umbrella for directly competing automobile insurance services (the "2011 Umbrella Commercial"), in addition to posting the 2011 Umbrella Commercial on the YouTube.com website.  A screen shot from the 2011 Umbrella Commercial is shown below.



23.    Travelers objected to Defendant's use of the 2011 Umbrella Advertisement and Defendant's subsidiary's use of the 2011 Umbrella Commercial.  In response, Defendant ceased use of the 2011 Umbrella Advertisement and Defendant's subsidiary 21st Century Insurance ceased use of the 2011 Umbrella Commercial.

24.    Shortly thereafter, Travelers discovered that Defendant was using another advertising video that prominently featured umbrella images, this time two upright umbrellas— one red and one black—on Defendant's website for directly competing insurance services (the "2011 Umbrella Video").  A screen shot from the 2011 Umbrella Video is shown below.



25.     Travelers objected to Defendant's use of the 2011 Umbrella Video and Defendant ceased use of the 2011 Umbrella Video.

26.     Shortly after ceasing use of the 2011 Umbrella Video, Defendant posted a video on its website that was identical to the 2011 Umbrella Video except that Defendant changed the previously red umbrella to a blue umbrella, as shown below (the "2011 Revised Umbrella Video").



27.     Travelers objected to Defendant's use of the 2011 Revised Umbrella Video and Defendant ceased use of the 2011 Revised Umbrella Video.

28.     Defendant replaced the 2011 Revised Umbrella Video with a new video in 2012 for its insurance services that again prominently featured an umbrella image, as shown below (the "2012 Umbrella Video").



29.     Travelers objected to Defendant's use of the 2012 Umbrella Video and  Defendant ceased use of the 2012 Umbrella Video.

30.     In 2014, Defendant's affiliates, Zurich American Insurance Co. and Zurich Holding Company of America, ran an advertising campaign prominently featuring an upright blue umbrella for its directly competing insurance services, as shown below (the "Zurich Umbrella").



31.     Travelers objected to Zurich's advertising campaign and to its use of the Zurich Umbrella.  The Zurich entities subsequently ceased use of the Zurich Umbrella.

32.     Continuing the pattern established by Defendant and its affiliated companies of using umbrella icons, logos, and images to identify, advertise, and promote and sell its insurance services, Defendant is now using a number of umbrella icons, logos, and images (each an

"Infringing Umbrella" and collectively the "Infringing Umbrellas") for directly competing

insurance services.  Defendant displays the Infringing Umbrellas on websites at

http://www.farmers.com/insurance, http://www.farmers.com/payments,

http://www.farmers.com/umbrella, http://www.farmers.com/business/umbrella,

https://twitter.com/WeAreFarmers/status/565261429105000451,

https://www.facebook.com/FarmersInsurance/photos/pb.117923064901692.-

2207520000.1427407953./1016649318362391/?type=3&theater, and/or

https://plus.google.com/+farmersinsurance/posts/2oXfkk8YvpE as shown below.  Website

screenshots showing each Infringing Umbrella are attached as Exhibit B.







33.    Each Infringing Umbrella is used by Defendant as an attention-getting device  to identify, advertise, promote, and sell its directly competing insurance services.

34.    As shown below in the side-by-side comparison of the Travelers Umbrella Mark and Defendant's Infringing Umbrellas in the form of logos and icons, those marks are virtually identical in appearance and design.



Infringing Umbrellas          Travelers Umbrella Mark          Infringing Umbrellas

35.    Defendant selected, adopted, and began use of the Infringing Umbrellas with knowledge of Travelers' long prior use of the famous Travelers Umbrella Mark in commerce in

-16-

connection with its insurance services.

## INJURY TO TRAVELERS AND THE PUBLIC

36.    Defendant's actions described above with respect to the Infringing Umbrellas have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Travelers, the Travelers Umbrella Mark, and Travelers' reputation and goodwill associated with the Travelers Umbrella Mark.  Defendant's actions also damage the public's interest in being free from confusion as to the source, sponsorship, or affiliation of Defendant's products and services.

37.    Defendant's uses of the Infringing Umbrellas are likely to cause confusion, mistake, or deception as to the source or origin of Defendant's products, services, and commercial activities, and are likely to falsely suggest a sponsorship, connection, license, or association of Defendant and/or its products and services with Travelers and/or its products and services.

38.    Defendant's uses of the Infringing Umbrellas are likely to dilute the distinctiveness of the famous Travelers Umbrella Mark.

39.    Defendant was aware of Travelers' prior rights in the famous Travelers Umbrella Mark before adopting and using the Infringing Umbrellas, and thus Defendant has acted willfully with respect to Travelers' prior trademark rights.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement Under Section 32(a)
### of the Lanham Act, 15 U.S.C. § 1114(a)

40.    Travelers repeats and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint.

41.    Without Travelers' consent, Defendant used and continues to use in commerce the

Infringing Umbrellas, which are reproductions, copies, and/or colorable imitations of Travelers' registered Travelers Umbrella Mark, as described above, in connection with the offering, sale, and advertising of insurance and financial products and services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful.

43.     As a direct and proximate result of the actions of Defendant alleged above, Travelers has been damaged and will continue to be damaged.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement, False Designation of Origin, and Unfair Competition**
**Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

44.     Travelers repeats and realleges each and every allegation set forth in paragraphs 1 through 43 of this Complaint.

45.     Defendant's uses of the Infringing Umbrellas, as described above, are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's products and services and commercial activities, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to the Travelers Umbrella Mark, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

46.     Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful.

47.     As a direct and proximate result of the actions of Defendant alleged above, Travelers has been damaged and will continue to be damaged.

### THIRD CLAIM FOR RELIEF
### <u>Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)</u>

48.     Travelers repeats and realleges each and every allegation set forth in paragraphs 1 through 47 of this Complaint.

49.     Based at least on the distinctiveness of the Travelers Umbrella Mark; the duration and extent of use of this trademark; the duration and extent of advertising featuring this trademark; the geographic area in which Travelers has sold and advertised products and services under or featuring this trademark; the degree of public recognition of the Travelers Umbrella Mark; and the federal registrations of this trademark, the Travelers Umbrella Mark has become famous, as that term is used in Section 43(c) of the Lanham Act, and has been famous for many years.

50.     Defendant's actions described above, all occurring after the Travelers Umbrella Mark became famous, are likely to dilute the famous Travelers Umbrella Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51.     Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful.

52.     As a direct and proximate result of the actions of Defendant alleged above, Travelers has been damaged and will continue to be damaged.

### FOURTH CLAIM FOR RELIEF
### Unfair Competition and Trade Practices
### <u>Under Conn. Gen. Stat. §§ 42-110b-q</u>

53.     Travelers repeats and realleges each and every allegation set forth in paragraphs 1 through 52 of this Complaint.

54.     By engaging in the acts alleged above, Defendant has engaged in conduct: (a) that is

offensive to public policy, governing statutes, common law principles, and/or established concepts of fairness, and/or (b) that has caused substantial injury to consumers.

55.    Defendant committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

56.    Travelers has suffered, and if Defendant is not enjoined, will continue to suffer, an ascertainable loss of money or property.

57.    By virtue of the above conduct, Defendant has engaged in unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*.

58.    Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful.

59.    As a direct and proximate result of the actions of Defendant alleged above, Travelers has been damaged and will continue to be damaged.

60.    Counsel for Travelers has electronically transmitted a copy of this Complaint to the Attorney General and the Commissioner of Consumer Protection.

**FIFTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement, Unfair**
**<u>Competition, and Misappropriation</u>**

61.    Travelers repeats and realleges each and every allegation set forth in paragraphs 1 through 60 of this Complaint.

62.    Defendant's actions described above constitute common law trademark infringement, unfair competition, and misappropriation of Travelers' goodwill under the common law of Connecticut and other states.

63.     Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful.

64.     As a direct and proximate result of the actions of Defendant alleged above, Travelers has been damaged and will continue to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, Travelers prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     An Order declaring that Defendant's uses of the Infringing Umbrellas infringe the Travelers Umbrella Mark, are likely to dilute the Travelers Umbrella Mark, and constitute unfair competition and unfair trade practices under federal and/or state law, as detailed above;

B.     An injunction permanently enjoining Defendant and its employees, officers, directors, principals, parents, subsidiaries, affiliates, related companies, and all persons in active concert or participation with any of them:

1.     From using or registering in any way the Infringing Umbrellas in any way or any designs, images, logos, icons, or marks that are confusingly similar to or likely to dilute the Travelers Umbrella Mark;

2.     From using any advertising or promotional materials bearing or displaying the Infringing Umbrellas or any designs, images, logos, icons, or marks that are confusingly similar to or likely to dilute the Travelers Umbrella Mark;

3.     From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities

undertaken by Defendant, are associated or connected in any way with Travelers, including, but not limited to, using the Infringing Umbrellas or confusingly similar designs, images, logos, icons, or marks; and

C.     An Order directing Defendant to immediately destroy, permanently alter, or permanently remove, as applicable, the Infringing Umbrellas from all websites, including but not limited to http://www.farmers.com, online social media sites, advertising, promotional materials, television commercials, videos, signage, posters, displays, brochures, catalogs, newsletters, manuals, forms, stationery, promotional merchandise, print materials and items, and any other materials and things that bear or display the Infringing Umbrellas or any other designs, images, logos, icons, or marks that are confusingly similar to or likely to dilute the Travelers Umbrella Mark;

D.     An Order directing Defendant to immediately cancel all placements of any advertisements in any media or format bearing or displaying the Infringing Umbrellas or any other designs, images, logos, icons, or marks that are confusingly similar to or likely to dilute the Travelers Umbrella Mark;

E.     An Order directing Defendant to file with this Court and serve on Travelers' attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

F.     An Order requiring Defendant to account for and pay to Travelers any and all profits arising from the foregoing acts of infringement, false designation of origin, dilution, and unfair competition, and increasing such profits for payment to Travelers in accordance with 15 U.S.C. § 1117 and other applicable laws;

G.     An Order requiring Defendant to pay Travelers compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, dilution, and unfair competition, and trebling such compensatory damages for payment to Travelers in accordance with 15 U.S.C. § 1117 and other applicable laws;

H.     An Order requiring Defendant to pay Travelers compensatory damages in an amount as yet undetermined caused by the foregoing acts of unfair competition and unfair trade practices under Conn. Gen. Stat. 42-110b-q;

I.     An Order requiring Defendant to pay Travelers punitive damages in an amount as yet undetermined caused by the foregoing acts of Defendants under Conn. Gen. Stat. § 42-110g and other applicable laws;

J.     An Order requiring Defendant to pay Travelers' costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117, and other applicable laws, including Conn. Gen. Stat. §§ 42-110b-q; and

K.     Other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Travelers demands trial by jury in this action of all issues triable by jury in this matter.

Dated:  March 27, 2015                    Respectfully submitted,

                                          ␣/s/ Elizabeth A. Alquist␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣
David M. Kelly, Esq.                      Elizabeth A. Alquist (ct15643)
Stephanie H. Bald, Esq.                   Day Pitney LLP
Lindsay B. Coleman, Esq.                  242 Trumbull Street
KELLY IP, L.L.P.                          Hartford, CT 06103-1212
1330 Connecticut Avenue NW                Phone (860) 275-0137
Suite 300                                 Fax (860) 881-2456
Washington, D.C.  20036                   eaalquist@daypitney.com
Phone (202) 808-3570
Fax (202) 408-4400
david.kelly@kelly-ip.com
stephanie.bald@kelly-ip.com               *Attorneys for Plaintiff*
lindsay.coleman@kelly-ip.com              The Travelers Indemnity Company